■ DCJ CATERING CORP., Doing Business as JERICHO TERRACE, Appellant, v DOME'L INC., Respondent. (And Third-Party Action.) [671 NYS2d 507] —In an action to recover for injuries to property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated March 14, 1997, which granted the defendant's motion for partial summary judgment dismissing the fifth cause of action of the amended verified complaint and denied the plaintiff's cross motion for partial summary judgment on the same cause of action.

Ordered that the order is modified, on the law, by deleting therefrom the provision granting the defendant's motion for partial summary judgment on the fifth cause of action and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.

In this action to recover damages for the negligent installation of a "canopy glazing system" on the roof of a portion of the plaintiff's catering premises, the plaintiff was granted leave to amend its complaint against the defendant, Dome'l Inc. (hereinafter Dome'l), to include a fifth cause of action alleging that Dome'l unlawfully "engage[d] in the practice of engineering" when it installed the glazing system. After the complaint was so amended and further discovery conducted, a motion for partial summary judgment was brought by Dome'l to dismiss that fifth cause of action. The plaintiff cross-moved for summary judgment on the same cause of action.

The trial court granted the motion of Dome'l for partial summary judgment and denied the plaintiff's cross motion. We modify the order to deny Dome'l's motion.

Education Law § 7201 defines the practice of engineering as: "performing professional service such as consultation, investigation, evaluation, planning, design or supervision of construction or operation in connection with any utilities, structures, buildings, machines, equipment, processes, works, or projects wherein the safeguarding of life, health and property is concerned, when such service or work requires the application of engineering principles and data". Only a person licensed or otherwise authorized under the Education Law may practice engineering or use the title of "professional engineer" (*see,* Education Law § 7202) without severe consequences (*Charlebois v Weller Assocs.,* 72 NY2d 587). Concededly, Dome'l did not employ its own engineer on this project.

Upon reviewing, *inter alia,* the affidavit of the plaintiff's architect, Anestis Demou, which stated that the work at issue necessarily involved the work of an engineer, the contracts between the parties, which called for the installation of a roof consisting of a skylight system with six manually-operated vents, and the deposition of Edward Faulkner, wherein the somewhat complex glazing process at issue is described in detail, it is evident that, although the evidence does not warrant judgment as a matter of law in favor of the plaintiff, a question of fact exists as to whether the work Dome'l performed in connection with its contract with the plaintiff necessitated the application of engineering principles, so that Dome'l's performance, without consultation with an engineer, violated Education Law §§ 7201 and 7202. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.